IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tony Lamar Jenkins, Sr., Administrator/Executor, | ) ) ) | C/A No.: 2:21-1147-BHH-SVH |
| Plaintiff, | ) ) ) | ORDER AND NOTICE |
| vs. | ) ) | |
| Bank of America, | ) ) | |
| Defendants. | ) ) | |

Tony Lamar Jenkins, Sr. ("Plaintiff"), proceeding pro se, filed this complaint against Bank of America ("Defendant"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff's complaint states "Plaintiff provided Defendant with three certified Affidavit of Truth without compliance. Plaintiff has been consistently and continuously harassed by Defendant without regards to addressing aforementioned affidavits." [ECF No. 1 at 5]. As a basis for jurisdiction, he lists 15 U.S.C. § 1692, 15 U.S.C. § 1601, 28 U.S.C § 3002(15), "Title 15 Ch. 41," and HJR 192. *Id.* at 3.

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by

2

a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

1.   Failure to Meet Pleading Requirements for Complaint

Plaintiff has failed to meet the minimal standards for the filing of a complaint. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's allegation that Defendant has

not complied with his "Affidavits of Truth" is insufficient to set forth a cause of action.

Plaintiff cites to 15 U.S.C. § 1692, which is more commonly known as the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA only applies to debt collectors, 15 U.S.C. § 1692a(6), and Plaintiff fails to allege any facts to establish that any defendant is a debt collector. *Carrington v. Indy Mac Mortg. Services*, C/A No. 5:12-1060-JMC, 2013 WL 530050, at *3 (D.S.C. Feb. 8, 2013) (finding mortgage servicers and lenders, acting in collection of their own debts, are not debt collectors within the definition of the FDCPA); *Brown v. Wachovia Bank*, C/A No. 8:10-1816-HMH-JDA, 2011 WL 5024297, at *3 (D.S.C. Sept. 30, 2011) ("[C]reditors collecting their own debts are not "debt collectors" for purposes of the FDCPA and are exempt from the FDCPA's provisions.").

Plaintiff further cites to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. [ECF No. 1 at 44]. TILA "has the broad purpose of promoting the informed use of credit by assuring meaningful disclosure of credit terms to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980). Accordingly, creditors are required "to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). As Plaintiff does not identify in what manner the TILA disclosure requirements were violated, he fails to state a plausible

TILA claim. *See McCleary-Evans v. Maryland Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015) (noting that a plaintiff must plead enough to raise a right to relief above the speculative level); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).

Plaintiff also cites to House Joint Resolution (HJR) 192 (1933), codified at 31 U.S.C. § 5118, which provided for the suspension of the gold standard. *See Holyoke Water Co. v. American Writing Paper Co.*, 300 U.S. 324, 339 n.1 (1937). Other litigants have argued that this joint resolution, among other things, requires the government to discharge any personal debts. Debt relief, redemption, and breach of contract claims based on HJR-192 have been rejected by federal courts presented with these theories. *See Estes v. Toyota Fin. Serv.*, No. 14-CV-1300, 2015 WL 222137, at *5 (E.D.N.Y. Jan. 13, 2015) (noting that complaints seeking to invalidate loans based on HJR-195 have been universally rejected by federal courts presented with this theory); *Gravatt v. United States*, 100 Fed. Cl. 279, 283, 286-88 (2011) (discussing, and rejecting, debt relief and redemption theories, including claims that birth certificates and social security numbers are express contracts with the United States).

Plaintiff similarly fails to provide sufficient information for the court to determine what claims Plaintiff intends to bring pursuant to 28 U.S.C. § 3002(15), as this subsection defines "United States" for purposes of federal debt collection.

### 2. Pro Se Representation by Administrator/Executrix

Plaintiff lists "Administrator/Executrix" after his name on the complaint. To the extent he is proceeding as personal representative of an estate, he is directed to advise the court of the identity of the estate. Although a pro se litigant cannot generally represent third parties in a lawsuit, there are some exceptions to this rule. One such exception is estate executors where there are no creditors or other beneficiaries. The Fourth Circuit has found "the personal representative of an estate cannot represent the estate pro se if there are other beneficiaries or creditors involved." *See Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x. 659, 1 (4th Cir. Mar. 1, 2004) (remanding the matter for further proceedings to ascertain whether there are any creditors involved).

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **May 13, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading

ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend the case be dismissed without leave for further amendment.

    IT IS SO ORDERED.

April 22, 2021                                  Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge